IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN SIMPSON and<br>CASEY SIMPSON,<br>    Plaintiffs,<br><br>vs.<br><br>NAVAJO EXPRESS, INC., a<br>Colorado Corporation,<br>and BRUCE BENNETT,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    4:13-CV-3779<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiffs, Ryan Simpson and Casey Simpson, by and through their attorneys, state and allege as follows:

### PARTIES AND SERVICE

1. At all times relevant to this action, Plaintiffs, Ryan Simpson and Casey Simpson, (hereinafter "Plaintiffs") were residents of Porter, Montgomery County, Texas, and were married to each other.

2. Upon information and belief, at all times relevant to this action, Defendant Bruce Bennett (hereinafter "Bennett") was a resident of Phoenix, Arizona, and resides at 1801 North 83rd Avenue, Apt. 2096, Phoenix, Arizona 85035.

3. Upon information and belief, at all times relevant to this action, Defendant Navajo Express, Inc. (hereinafter "Navajo") was a Colorado Corporation with its principal place of business located at 1400 West 64th Avenue, Denver, Colorado 80221.

4. Upon information and belief, at all times relevant hereto, Bennett was an agent and/or employee of Navajo and was acting within the scope and capacity of his employment as an agent and/or employee of Navajo.

PLAINTIFFS ORIGINAL COMPLAINT AND JURY DEMAND – Page 1

## JURISDICTION AND VENUE

5. That this Court has jurisdiction over this action under 28 USC §1332(a), as the Plaintiffs' citizenship is of a different state from each Defendant and the amount in controversy exceeds $75,000.00. Venue of this action is proper in the Southern District of Texas, Houston Division, pursuant to 28 USC §1391, as the Southern District is where the substantial acts and/or omissions forming the basis of this suit occurred.

## FACTUAL BACKGROUND

6. Plaintiffs restate each and every allegation contained in paragraphs 1 – 5 above as if fully set forth herein.

7. On March 19, 2012, at approximately 1:50 a.m., Plaintiff Ryan Simpson was traveling on F.M. 1485 in Montgomery County, Texas.

8. At said time, Plaintiff Ryan Simpson was driving a marked patrol car in a westerly direction on FM 1485, while in the course and scope of his employment with the City of Splendora, Texas Police Department.

9. On March 19, 2012, Defendant Bennett was in possession of and operating a Kenworth model T60, tractor trailer which was owned by and registered to Navajo.

10. Bennett drove his tractor trailer to the intersection of Roberts Road and FM 1485. Bennett negligently attempted to make a right hand turn onto FM 1485, causing all lanes of westbound FM 1485, as well as both shoulders of the road, to be occupied by Bennett's tractor trailer.

11. Plaintiff Ryan Simpson unavoidably collided with Bennett's tractor trailer.

12. As a result of Bennett's acts and/or omissions Plaintiff Ryan Simpson sustained serious, disabling and permanent damages and injuries. Plaintiff, Casey Simpson, the wife of Plaintiff Ryan Simpson, also sustained damages.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE AND NEGLIGENCE PER SE

13. Plaintiffs restate each and every allegation contained in paragraphs 1 – 12 above as if fully set forth herein.

14. Bennett owed a duty to Plaintiff Ryan Simpson to exercise ordinary when operating the commercial tractor trailer at the time of this wreck.

15. Bennett breached that duty by recklessly and negligently operating Navajo's tractor trailer.

16. The actions and inactions on the part of Bennett constitute negligence and negligence per se and were the proximate cause of injuries and damages suffered by Plaintiffs.

17. Navajo is liable for the negligent actions of its agent and statutory employee, Bennett.

## DAMAGES

18. As a direct and proximate result of the collision and of Bennett's conduct and aforesaid negligence and/or negligence per se, Plaintiff Ryan Simpson has suffered serious and permanent bodily injuries and has incurred reasonable and necessary medical bills and expenses. Furthermore, Plaintiff Ryan Simpson will incur reasonable and necessary medical bills and expenses in the future.

19. As a further direct and proximate result of the negligence and/or negligence per se of the Defendant, Plaintiff Ryan Simpson has incurred physical pain, physical impairment, physical disfigurement, loss of enjoyment of life, and mental anguish in the past and will incur

PLAINTIFFS ORIGINAL COMPLAINT AND JURY DEMAND – Page 3

future physical pain, physical impairment, physical disfigurement, loss of enjoyment of life, and mental anguish.

20.  As a further direct and proximate result of the negligence and/or negligence per se of the Bennett, Plaintiff Ryan Simpson has incurred a loss of wages in the past and will sustain a loss of wage earning capacity in the future.

21.  As a further direct and proximate result of the negligence and negligence per se of Bennett, Plaintiff, Casey Simpson, has been damaged by virtue of the loss of companionship, care, maintenance, labor services, kindness, attention, advice and counsel suffered by her as a result of Ryan Simpson's injuries, both in the past and to be incurred in the future.

22.  Plaintiffs demand pre and post-judgment interest at the maximum legal rate.

### JURY DEMAND

23.  Pursuant to Rule 38(a), F.R.C.P., Plaintiffs hereby demand a trial by jury of all fact issues herein.

### PRAYER

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to compensate them for their damages, for Plaintiffs costs, pre and post judgment interest, and for such other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Dated:  December 30, 2013

Respectfully submitted,

FOR PLAINTIFFS:

ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827
dhorowitz@abrahamwatkins.com


By: /s/ Daniel D. Horowitz
    DANIEL D. HOROWITZ, III
    State Bar No. 24036804
    SDT No. 33114

ATTORNEYS FOR PLAINTIFFS